Williams v. New York City Housing Auth.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Gina Williams,

> *Plaintiff-Appellant*,

> v.                                                                       13-3179

New York City Housing Authority, *et al*.,

> *Defendants-Appellees*,

Ryan Forde,

> *Defendant*.

_____

**FOR PLAINTIFF-APPELLANT:**     Gina Williams, *pro se*, Springfield Gardens, NY.

**FOR DEFENDANTS-APPELLEES:**     Kelly D. MacNeal (Steven J. Rappaport, Donna M. Murphy, Of Counsel, *on the brief*), Acting General Counsel, New York City Housing Authority, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian Cogan, *Judge*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gina Williams, proceeding *pro se*, appeals from the District Court's grant of summary judgment in favor of the defendants, dismissing her complaint brought under 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act, and corresponding state and local law, for discrimination, retaliation, and a hostile work environment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The District Court concluded that there was "no evidence that [Williams] was subjected to discrimination or retaliation at all, let alone based on her race or gender, or that there was

2

anything hostile about her work environment." App'x 11.  After an independent review of the record we agree with the District Court's decision to grant summary judgment in favor of defendants, and we affirm that judgment substantially for the reasons set forth in its thorough order. In addition, Williams makes no substantive arguments on appeal with respect to her 42 U.S.C. § 1983 or hostile work environment claims.  She has therefore waived review of these issues.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered Williams's remaining arguments and find them to be without merit. Accordingly, for the reasons set out above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk